# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACTIVISION TV, INC., § § Plaintiff, § § v. § § § NATIONAL CINEMEDIA, LLC, § § Defendant. § | C.A. No. _____ DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Activision TV, Inc. ("Activision"), by way of this Complaint against Defendant National CineMedia, LLC ("Defendant"), hereby alleges as follows:

## THE PARTIES

1.  Plaintiff Activision is a corporation organized under the laws of Delaware with its principal place of business at 5400 Yahl Street, Suite D, Naples, Florida 34109.

2.  Defendant National CineMedia, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 9110 East Nichols Avenue, Suite 200, Centennial, CO 80112-3451 with a registered agent for service of process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

3.  This is an action for patent infringement of United States Patent No. 8,330,613 ("the '613 Patent") arising under the patent laws of the United States, 35 U.S.C § 271 *et seq*.

4.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant at least because Defendant is organized under the laws of the State of Delaware and has a registered agent for service of process in the the State of Delaware, and has thereby purposefully availed itself of the benefits and protections of the laws of the State of Delaware.

6. Upon information and belief, Defendant has had ongoing and systematic contacts with this judicial district and the United States.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391.

**INFRINGEMENT OF U.S. PATENT NO. 8,330,613**

8. Plaintiff repeats and realleges the allegations of paragraphs 1 through 7 as though fully set forth herein.

9. On December 11, 2012, the '613 Patent, entitled "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '613 Patent is attached as Exhibit A to this Complaint.

10. Plaintiff Activision, as the assignee and owner of the right, title, and interest in and to the '613 Patent, has the right to assert causes of action arising under the '613 Patent and the right to any remedies for infringement thereof.

11. By making, offering for sale, selling, and using digital signage systems including but not limited to iPOP Kiosks and the Lobby Entertainment Network ("LEN") System (collectively, "the Accused Products"), Defendant has been and continues to infringe one or more claims of the '613 Patent directly, in violation of 35 U.S.C. § 271(a).

12. Defendant has and continues to directly infringe one or more claims of the '613 Patent in the United States not only by making, selling, offering for sale, and using the Accused

Products, but also by using methods associated with the operation of at least the Accused Products.

13. Because of Defendant's infringement of the '613 Patent, Plaintiff has suffered damages and will continue to suffer damages in the future.

14. Plaintiff has been damaged and has suffered irreparable injury due to the acts of infringement by Defendant and will continue to suffer such irreparable injury unless Defendant's infringing activities are enjoined.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment for itself and against Defendant as follows:

A. An adjudication that Defendant has infringed the '613 Patent;

B. Permanently enjoining and restraining Defendant, its agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys, and those persons in active concert with or controlled by Defendant from further infringing the '613 Patent;

C. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement of the '613 Patent and any continuing or future infringement of the '613 Patent through the date such judgment is entered, together with pre-judgment and post-judgment interest, costs and expenses as justified under 35 U.S.C. § 284;

D.    To the extent the Defendant's conduct subsequent to the date of its notice of the '613 Patent is found to be objectively reckless, enhanced damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '613 Patent;

E.    An accounting of all infringing acts including, but not limited to, those acts not presented at trial and an award for Plaintiff's damages for any such acts;

F.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

G.    Such other and further relief at law or in equity as the Court deems just and proper.

Dated: May 15, 2013                    STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Activision TV, Inc.*